■ In the Matter of AEGIS INSURANCE SERVICES, INC., et al., Respondents, v CITY OF NEW YORK, Appellant. [768 NYS2d 825]—

Judgment, Supreme Court, New York County (Michael Stallman, J.), entered April 1, 2003, which, upon reargument, insofar as appealed from as limited by the briefs, granted petitioners' application for leave to serve a late notice of claim for property damage caused by a building collapse, unanimously affirmed, without costs. Appeal from judgment, same court and Justice, entered October 16, 2002, unanimously dismissed, without costs, as superseded by the appeal from the judgment entered April 1, 2003.

The application was properly granted in view of the evidence that respondent was aware, before petitioners' claims arose, of the potential hazards presented by the diesel fuel it stored in the building, and tending to show that respondent became aware, during the 90-day period after the claims arose, that such fuel may have contributed to the building's collapse (General Municipal Law § 50-e [5]). The delay in notice beyond the 90-day period did not prevent or hamper respondent's investigation of the collapse, and was adequately explained by respondent's denial of access to the site and the unavailability of nonhearsay information for a considerable period of time after the collapse (id.). We reject respondent's claim that it was prejudiced because the delay allowed petitioners and others to retain experts that it would have liked to retain itself. We have considered respondent's other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.